```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                              S1 12 Cr. 937 SHS ADJ

JOHN LIN,

                 Defendant.

------------------------------x

                                           April 12, 2013
                                           11:35 a.m.



Before:

                    HON. ANDREW J. PECK,

                                           U.S. Magistrate Judge


                         APPEARANCES


PREET BHARARA,
     United States Attorney for the
     Southern District of New York
JASON MASIMORE,
     Assistant United States Attorney


FRANCISCO CELEDONIO,
     Attorney for defendant Lin
```

1               (In open court)

2               (Case called)

3               THE COURT:  Okay.  Is this the defendant's first
4    appearance?

5               MR. MASIMORE:  It is, your Honor, yes.

6               THE COURT:  Mr. Lin, please stand.  Is this your
7    signature on the consent to proceed form?

8               THE DEFENDANT:  Yes, it is, your Honor.

9               THE COURT:  Before you signed it, did your attorney
10   explain to you that you have the right to have your plea heard
11   by Judge Stein, but that if you consent, I can hear what you
12   have to say and I'll make a recommendation to Judge Stein?

13              THE DEFENDANT:  Yes, he did.

14              THE COURT:  You have agreed to that right?

15              THE DEFENDANT:  Yes, I did.

16              THE COURT:  Please raise your right hand.

17              (The defendant was duly sworn)

18              THE COURT:  So let me first do your presentment and
19   then we'll do the plea-related issues.

20              You have the right to remain silent.  You're not
21   required to make any statements.  Even if you have already made
22   any statements to the authorities, you you need not make any
23   further statements.  Anything you do say can be used against
24   you.  You have the right to be released, either conditionally
25   or unconditionally, pending trial unless I find there are no

1    conditions that will reasonably assure your continued presence
2    in court and the safety of the community.
3             If the prosecutor is asking me to detain you pending
4    trial, you are entitled to a prompt hearing whether those
5    conditions exist.  Do you understand all of these rights?
6             THE DEFENDANT:  I do.
7             THE COURT:  You have the right to be represented by
8    counsel during all court proceedings including this one and
9    during all questioning by the authorities.  If you cannot
10   afford an attorney, I will appoint one today to represent you
11   throughout the case at no cost to you.
12            Do you understand your rights to counsel?
13            THE DEFENDANT:  Yes, I do.
14            THE COURT:  Mr. Celedonio, are you CJA or retained?
15            MR. CELEDONIO:  Retained, your Honor.
16            THE COURT:  I think most of the other parts of the
17   presentment we can do further along as we go through.
18            Are you a U.S. Citizen, Mr. Lin?
19            THE DEFENDANT:  Yes, I am, your Honor.
20            THE COURT:  What is the last grade of school you
21   completed?
22            THE DEFENDANT:  Law school.
23            THE COURT:  Are you currently or recently under the
24   care of a doctor, a psychiatrist or any other medical or mental
25   health professional?

1            THE DEFENDANT:  No, I am not.

2            THE COURT:  Have you ever been treated for alcoholism
3    or drug addiction?

4            THE DEFENDANT:  No, I didn't.

5            THE COURT:  Do you feel physically and mentally all
6    right and able and willing to proceed in court today?

7            THE DEFENDANT:  I do.

8            THE COURT:  By the way, have you taken any medicine or
9    drugs yesterday or today, even anything as simple as an
10   aspirin?

11           THE DEFENDANT:  Yes, I did.

12           THE COURT:  Would you tell me what that is.

13           THE DEFENDANT:  I took diabetic-related drugs.  It is
14   Metformin and Glucophage.

15           THE COURT:  Is there anything in the way those drugs
16   affect you that in any way would prevent you from thinking
17   clearly here today?

18           THE DEFENDANT:  No,.

19           THE COURT:  Are you having any difficulty seeing or
20   hearing or understanding what I'm saying to you?

21           THE DEFENDANT:  No, I don't.

22           THE COURT:  Obviously with a law degree, you are very
23   educated and probably know a lot about at least some of this.

24           If at any point today promise me now if you don't
25   understand what I am telling you or what I'm asking you, don't

1    try to fake it, don't be embarrassed.  Ask me to be clearer so
2    I am sure you understand everything.
3             THE DEFENDANT:  Yes, I will.  Thank you, your Honor.
4             THE COURT:  Now you're waiving indictment.  The clerk
5    is going to ask you some questions in connection with that
6    waiver.  Please answer his questions.
7             THE CLERK:  You are John Lin?
8             THE DEFENDANT:  Yes, I am.
9             THE CLERK:  Have you signed this waiver of indictment?
10            THE DEFENDANT:  Yes, I have.
11            THE CLERK:  Before you signed it, did you discuss it
12   with your attorney?
13            THE DEFENDANT:  Yes, I did.
14            THE CLERK:  Did your attorney explain it to you?
15            THE DEFENDANT:  Yes, he did.
16            THE CLERK:  Do you understand what you are doing?
17            THE DEFENDANT:  Yes, I do.
18            THE CLERK:  Do you understand that you're under no
19   obligation to waive indictment?
20            THE DEFENDANT:  Yes, I do.
21            THE CLERK:  Do you understand if you do not waive
22   indictment, if the government wants to prosecute you, they will
23   have to present this case to a grand jury, which may or may not
24   indict you?
25            THE DEFENDANT:  Yes, I do.

1              THE CLERK:  Do you understand by signing this waiver
2     of indictment, you are giving up your right to have this case
3     presented to a grand jury?
4              THE DEFENDANT:  Yes, I do.
5              THE CLERK:  Do you understand what a grand jury is?
6              THE DEFENDANT:  Yes, I do.
7              THE CLERK:  Have you seen a copy of the information?
8              THE DEFENDANT:  Yes.
9              THE CLERK:  Do you waive its public reading?
10             THE DEFENDANT:  Yes, I do.
11             THE CLERK:  Thank you.
12             THE COURT:  Have you talked with Mr. Celedonio about
13    the charges you're facing and how wish to plead?
14             THE DEFENDANT:  Yes, I have, and I plead guilty.
15             THE COURT:  Are you satisfied with the representation
16    that he has been and is giving to you?
17             THE DEFENDANT:  Yes, I am.
18             THE COURT:  Do you understand you're charged in Count
19    1 of the S1 information with agreeing with others to commit
20    immigration fraud and that that carries a maximum of five years
21    imprisonment, a maximum of three years supervised release, a
22    maximum fine of the greatest of $250,000 or twice the gross
23    gain or loss from the offense, a $100.00 mandatory special
24    assessment, and in addition restitution and forfeiture?
25             THE DEFENDANT:  Yes, I do.

1         THE COURT:  You have already said that you want to
2    plead guilty.  I am now going to ask you some questions to make
3    sure you fully understand some of the rights you're giving up
4    and some of the consequences of pleading guilty.  At the end of
5    that I'll ask you again if you're sure you wish to plead
6    guilty.  Do you understand you have the right to plead not
7    guilty and the right to a public jury trial on these charges?
8         THE DEFENDANT:  Yes, I do.
9         THE COURT:  Do you understand if you were to plead not
10   guilty and go to trial, you'd be presumed innocent unless and
11   until the prosecutors could prove your guilt beyond a
12   reasonable doubt?
13        THE DEFENDANT:  Yes, I do.
14        THE COURT:  Do you understand at a trial you have the
15   right yourself and through your attorney to confront and
16   question anyone who testifies against you?
17        You also have the right to call witnesses to testify
18   for you, and if necessary, Judge Stein would subpoena them to
19   get them to the trial?
20        THE DEFENDANT:  Yes, I do.
21        THE COURT:  Do you understand at a trial you can't be
22   forced to incriminate yourself, so nobody could force you to
23   testify, but on the other hand, after you got Mr. Celedonio's
24   legal advice, if you wanted to testify, you'd have the absolute
25   right to do so?

1           THE DEFENDANT:  Yes, I do.

2           THE COURT:  Do you understand if you do plead guilty

3   today, that means there will be no trial of any kind, so you're

4   giving up your right to a public jury trial and waiving any

5   defenses you may have to these charges, including any possible

6   claim that your constitutional rights may have been violated?

7           THE DEFENDANT:  Yes, I do.

8           THE COURT:  Have you talked with Mr. Celedonio about

9   how the U.S. Sentencing Commission Guidelines and the other

10  sentencing factors in Title 18, U.S. Code, Section 3553 may

11  apply to your case?

12          THE DEFENDANT:  Yes, I have.

13          THE COURT:  Do you understand Judge Stein is required

14  to calculate the applicable sentencing guideline range, to

15  consider the guidelines, to consider departures upward or

16  downward under the guidelines, and to consider the other

17  sentencing factors in Section 3553?

18          THE DEFENDANT:  Yes, I do.

19          THE COURT:  Do you understand among the factors that

20  Judge Stein will consider when sentencing you is the conduct

21  you engaged in, the victim of the offense, the role you played

22  in the offense, whether you've obstructed justice in any way,

23  whether you have any other criminal history and whether you've

24  accepted responsibility for your actions?

25          THE DEFENDANT:  Yes, I do.

1            THE COURT:  Between now and the date of your
2  sentencing the Probation Department will conduct an
3  investigation and prepare a report.  You and Mr. Celedonio will
4  get copies of that as well as the prosecutors and Judge Stein.
5            If you and Mr. Celedonio on the one hand or the
6  prosecutors on the other believe anything in the presentence
7  report is incorrect or inaccurate, each side or both sides can
8  file objections with the court.  Do you understand that?
9            THE DEFENDANT:  Yes, I do.
10           THE COURT:  Do you understand Judge Stein cannot
11  determine what sentencing guidelines or other 3553 sentencing
12  factors will apply to your case until after that report is
13  filed and any objections filed and ruled upon?
14           THE DEFENDANT:  Yes, I do.
15           THE COURT:  As the term "sentencing guidelines"
16  implies and as the Supreme Court has made clear, they're
17  guidelines, they're not mandatory, so Judge Stein can give you
18  a sentence within the guideline range or he can give you a
19  sentence less than the guideline range or greater, but he
20  can't, of course, exceed the statutory maximum I apprized you
21  of a moment ago?
22           THE DEFENDANT:  Yes, I do.
23           THE COURT:  Do you understand under certain
24  circumstances, subject to the limitations in your plea
25  agreement letter -- and we'll get to that in a moment -- that

1  you or the prosecutors, or both, may have the ability to appeal
2  from any sentence you get?
3           THE DEFENDANT:  Yes, I do.
4           THE COURT:  I don't know what sentence you're hoping
5  for as you stand here today, but do you understand even if
6  Judge Stein gives you a sentence more severe than that, you
7  will still be bound by your guilty plea and not allowed to
8  withdraw it?
9           THE DEFENDANT:  Yes, I do.
10          THE COURT:  Do you understand in the federal system,
11 parole has been abolished, so if you're sentenced to prison,
12 you will not be released early on parole?
13          THE DEFENDANT:  Yes, I do.
14          THE COURT:  If you're sentenced to a term of
15 supervised release, and you violate any of the conditions of
16 that release, you face additional punishment, including
17 additional imprisonment up to the maximum allowed by law?
18          THE DEFENDANT:  Yes, I do.
19          THE COURT:  In addition to the criminal law
20 consequences, there are civil consequences to a felony
21 conviction such as loss of possible voting rights, loss of your
22 Bar license, your license to practice law, other possible
23 ramifications.  Do you understand that?
24          THE DEFENDANT:  Yes, I do.
25          THE COURT:  Finally, do you understand the answers you

1    have been and will be giving me today can be used in the future
2    in a prosecution against you for perjury or false statements if
3    you're not telling me the truth?
4              THE DEFENDANT:  Yes, I do.
5              THE COURT:  Mr. Lin, has anyone made any threats to
6    you or anyone else to convince or influence you to plead
7    guilty?
8              THE DEFENDANT:  No, no way.
9              THE COURT:  I have been handed a copy of your plea
10   agreement letter, dated March 25th on the first page and signed
11   by you and Mr. Celedonio on the 5th and final page today.
12             Other than what is contained in the plea agreement
13   letter, has anyone made any promises to you or anyone else to
14   convince or influence you to plead guilty?
15             THE DEFENDANT:  No.
16             THE COURT:  In particular -- and this will sound
17   redundant, it is, but I have to ask specifically -- has anyone
18   made any promise to you as to the actual sentence you're going
19   to get from Judge Stein?
20             THE DEFENDANT:  No.
21             THE COURT:  Is this your signature on the last page of
22   the plea letter?
23             THE DEFENDANT:  Yes, it is.
24             THE COURT:  Before you signed it, you and your lawyer,
25   did you go through it in detail with Mr. Celedonio?

1                THE DEFENDANT:  Yes, he has.

2                THE COURT:  I will ask you a few questions about the

3       plea letter, not necessarily everything, but that you are bound

4       by everything in it if you keep pleading guilty today even if

5       we don't talk about it.

6                Do you understand that you're agreeing to the

7       forfeiture allegations with respect to Count 1?

8                THE DEFENDANT:  I do.

9                THE COURT:  Do you also understand that you've agreed

10      with the prosecutors -- it is not binding on Judge Stein, but

11      you have stipulated with the prosecutors to a stipulated

12      guideline range of 30 to 73 months imprisonment and a fine

13      range of 6,000 to $60,000?

14               THE DEFENDANT:  Yes, I do.

15               THE COURT:  Do you understand that you have agreed --

16      I am now on Page 4 -- that you will not file a direct appeal or

17      a collateral challenge under 28 US Code 2241 or 2255 or other

18      from any sentence within or below that stipulated range of 30

19      to 37 months imprisonment?

20               THE DEFENDANT:  Yes, I do.

21               THE COURT:  Do you also understand you have agreed not

22      to try to withdraw your guilty plea or attack your conviction

23      directly on appeal, collaterally or in any other way, on the

24      ground the government failed to produce discovery material,

25      Jencks Act material, exculpatory material or impeachment

1   material?

2        THE DEFENDANT:  Yes, I do.

3        THE COURT:  Any additional questions on the plea
4   letter?

5        MR. MASIMORE:  Your Honor, no.  Just that the plea
6   letter contains all of the promises from the government that
7   the defendant understands.

8        THE COURT:  I think that is a given, but you
9   understand that, right, Mr. Lin?

10       THE DEFENDANT:  Yes, I do.

11       THE COURT:  Now that we've gone through some of the
12   consequences of pleading guilty and some of the rights you are
13   giving up, do you still wish to plead guilty?

14       THE DEFENDANT:  Yes, I do, your Honor.

15       THE COURT:  Are you doing so freely and voluntarily
16   because you are, in fact, guilty of the crime charged?

17       THE DEFENDANT:  Yes, Judge, yes, I am.

18       THE COURT:  Mr. Celedonio, have you discussed with
19   your client the consequences of pleading guilty?

20       MR. CELEDONIO:  Yes, I have.

21       THE COURT:  In your view, is he pleading guilty freely
22   and voluntarily?

23       MR. CELEDONIO:  Yes.

24       THE COURT:  In your opinion, based on what you have
25   learned from him, from your investigation and from discovery

1  from the government, is he pleading guilty because he is
2  guilty?
3              MR. CELEDONIO:  Yes, your Honor.
4              THE COURT:  Please tell me, Mr. Lin, in your own words
5  what it is you did.
6              THE DEFENDANT:  Starting in 2006 to 2012, I conspired
7  with others, known and unknown, submitting some applications
8  which were false for the purposes of gaining immigration
9  benefits.  This happened in New York State, in New York County.
10             THE COURT:  Meaning Manhattan?
11             THE DEFENDANT:  Manhattan, yes.
12             THE COURT:  Did that involve counterfeit or otherwise
13 false visas, permits, alien registration cards and other U.S.
14 documents?
15             (Off-the-record discussion)
16             THE DEFENDANT:  Judge, I knew there were false
17 statements made on some applications.
18             THE COURT:  The purpose of which was to get certain
19 cards from the federal government for those immigrants?
20             THE DEFENDANT:  Yes.
21             THE COURT:  You know what you did was wrong?
22             THE DEFENDANT:  Judge, I did, I did.
23             THE COURT:  Any additional questions from the
24 government or any proffer?
25             MR. MASIMORE:  Your Honor, just the defendant or

1    another person committed an overt act in furtherance of the
2    conspiracy.
3           THE COURT:  Did you, in furtherance of this agreement,
4    sign blank asylum applications?
5           THE DEFENDANT:  I did.
6           MR. MASIMORE:  Lastly, that he knew what he was doing
7    was wrong.
8           THE COURT:  I asked it, I think.  Just in case, I'll
9    ask it again.  Do you know what you did was wrong?
10          THE DEFENDANT:  I did.
11          THE COURT:  Okay.  I am satisfied, Mr. Lin, that you
12   understand the nature of the charges against you and the
13   consequences of pleading guilty.
14          I am also satisfied that your plea is being made
15   freely, voluntarily and knowingly and there is a factual basis
16   for the plea.  I, therefore, recommend to Judge Stein he accept
17   your plea to Count 1 of the S1 information.  Has a date for
18   sentencing been set?
19          MR. MASIMORE:  No, your Honor.  May we have a control
20   date, please?
21          THE COURT:  All right, August 12th, at 4:00 o'clock in
22   Judge Stein's courtroom upstairs in this building.  If that
23   date changes, and it is a fairly good chance it might, Mr.
24   Celedonio will be notified, Mr. Lin, and he will notify you.
25          Obviously, keep in close touch with Mr. Celedonio.  In

1  the meantime, I direct a presentence report be prepared.  It is
2  important that you cooperate with the Probation staff when they
3  interview you, Mr. Lin, because that is a critical part of the
4  sentencing phase of your case.
5            You you understand that, right?
6            THE DEFENDANT:  Yes, I do.
7            THE COURT:  Mr. Celedonio, do you wish me to have the
8  file marked that any such interview take place in your
9  presence?
10            MR. CELEDONIO:  Yes, I do.
11            THE COURT:  The Clerk will so mark the file.  What is
12  the government's position on bail?
13            MR. MASIMORE:  We seek a $30,000 PRB and conditions
14  set forth that Pretrial Services recommends, co-signed by one
15  financially-responsible person, he be released on signature
16  today with the additional financial responsibility person to
17  come within a week, regular pretrial supervision, surrender of
18  passport and travel documents, no new applications, travel
19  restricted to the Southern and Eastern District of New York as
20  well as the District of New Jersey where he apparently resides.
21            THE COURT:  Mr. Celedonio.
22            MR. CELEDONIO:  Substantially with those conditions,
23  we agree.  The only caveat is that the need for a second
24  financial-responsible person.  Mr. Lin has disposed of this
25  case prior to being charged, prior to being indicted.  He

surrendered himself to the authorities.  In fact, he was able and made himself available to be surrendered since January. There is absolutely no concern as to risk of flight, no danger to the community.  He presented himself to jurisdiction.  We don't think we need a financially-responsible person in addition to Mr. Lin.

All of his family contacts are in New Jersey and New York City.  He is United States Citizen since 1975, has no contacts outside the Continental United States.  He lives with his children, his spouse.  He has worked, to the extent he continued to work, here in New York City.

I respectfully ask your Honor release Mr. Lin on the conditions set forth and on his signature without a financially-responsible person.

MR. MASIMORE:  We ask for a financial-responsible person in part for moral suasion.  If there isn't going to be an additional financially-responsible person, perhaps the bond can be set higher.  With his resources, $50,000 seems to be a reasonable price to pay for freedom at the time of sentencing.

THE COURT:  What is the difference if somebody else is responsible for that 50,000?  You can't collect twice.

MR. MASIMORE:  An individual who would be on the hook who is separate from the defendant does provide an additional moral component.  I do agree with that in concept.

THE COURT:  Bail is set with follows: $50,000 PRB,

Case 1:12-cr-00937-SHS   Document 15   Filed 05/10/13   Page 18 of 18    18
D4CJLINP                          Plea

travel restricted to the Southern and Eastern Districts of New York and the District of New Jersey, surrender of travel documents, no new applications, regular pretrial supervision. Mr. Lin can be released on his signature with the passport.

How soon next week can your surrender that?

MR. CELEDONIO:  Next week, a week from today.

THE COURT:  Do not make it on a Friday.  Make it Thursday, the 18th.

MR. CELEDONIO:  Thank your Honor.

THE COURT:  Obviously, Mr. Lin, if you violate any conditions I have set down, including the conditions of your pretrial supervision that will be explained to you by the pretrial officer, a warrant will be issued for your arrest, you will be responsible to pay the government $50,000.

It will be bad for you on sentencing in this case.  In addition, you could also be charged with a crime of bail jumping, which carries significant additional penalties on top of the penalties you are already facing.  You understand all that, right?

THE DEFENDANT:  Yes, I do.

THE COURT:  Is there anything else on this matter other than the usual, that I am directing the U.S. Attorney's Office to get the transcript and present it to Judge Stein.

MR. MASIMORE:  Will do.

(Court adjourned)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300